FILED
JUN 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Anthony V. Laterza, Pro Se
REg# 74695-004
PO Box 1032
Coleman, FL 33521-1032,
           Plaintiff

v.

Federal Bureau of Prisons, and
Mr. Harrell Watts, Administrator
320 First Street, N.W.
Washington, DC 20534
Mr. Sero, Counselor Director, S.E.;
3800 Camp Creek Parkway, S.W.
Atlanta, GA 30331-6626
Mr. Charles Lockett, Warden;
846 N.E. 54th Terrace
Coleman, FL 33521
Official and Individual Capacities,
ALL, Defendants

CASE NUMBER   1:06CV01158

JUDGE: Richard W. Roberts

DECK TYPE: Pro se General Civil

DATE STAMP: 06/26/2006

_____/

## COMPLAINT

Now comes, Anthony V. Laterza, Pro Se and files this complaint a Bivens Action and/or 28 U.S.C. § 1331 and/or 28 U.S.C. § 1346 and respectfully requests this Honorable Court for specific relief, based on the following facts that caused irreparable harm and to appoint counsel for Plaintiff pursuant to 28 U.S.C. § 1915, to proceed to trial by jury.

RECEIVED
JUN 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## COMPLAINT

Now comes, Anthony V. Laterza, Pro Se and files this complaint a Bivens Action and/or 28 U.S.C. § 1331 and/or 28 U.S.C. § 1346 and respectfully requests this Honorable Court for specific relief, based on the following facts that caused irreparable harm and to appoint counsel for Plaintiff pursuant to 28 U.S.C. § 1915, to proceed to trial by jury.

## FACTS

1. The Bureau of Prisons and its Agents caused and continue to cause Plaintiff, Laterza, irreparable harm. The defendants were fully informed by plaintiff during an exhausted Administrative Remedy Process (case # 382356-R1), that by denying plaintiff a sentence reduction authorized by Congress in 18 U.S.C. § 3621(e)(2)(b), they were violating plaintiff's constitutional rights by twice putting plaintiff in jeopardy for punishment for for the same offense he was acquitted of by a jury of his peers. By denying plaintiff § 3621(e)(2)(b), defendant effectively increased his time spent in incarceration, thereby punishing and or increasing punishment for a fact that could not be proved to a jury of his peers beyond a reasonable doubt.

On September 26, 2002 the Government charged Plaintiff in a two (2) count indictment. Count I, 21 U.S.C. § 841(a)(1) Manufacturing Marijuana and Count II, 18 U.S.C. § 924(c)(1)(a) Possession of a Firearm in furtherance of drug trafficking. Plaintiff pleaded not guilty and the case proceeded to trial by jury. On February 24, 2003 the jury returned a split verdict guilty as to COunt I, manufacturing marijuana and NOT GUILTY as to Count II possession of a firearm.

1

On April 30th, 2003, at sentencing Plaintiff received an unconstitutional § 2D1.1(b)(1) two (2) level enhancement for possession of the very same firearm he was acquitted of possessing. Further, the District Court recommended Plaintiff for the 18 U.S.C. § 3621 500 hour Residential Drug Abuse Program (RDAP). Plaintiff objected to the § 2D1.1(b)(1) enhancement at sentencing but was denied by the District Court. Plaintiff filed a timely appeal to the Eleventh Circuit. On March 17, 2004, the Eleventh Circuit affirmed the sentence. On January 24, 2005 the Supreme Court granted Plaintiff's Petition for Writ of Certiorari, vacated the opinion and judgement of the Eleventh Circuit affirming Plaintiff's sentence and remanded the case in light of U.S. v. Booker, 524 U.S. _____ (2005), on questions presented, including the unconstitutional enhancement. Plaintiff's appeal is currently pending in the Eleventh Circuit.

On or about August 30, 2004, Plaintiff was interviewed at Coleman Low for the 500 RDAP. Plaintiff is accepted to the program but is declared ineligible for 18 U.S.C. § 3621(e)(2)(b) the one year sentence reduction approved by Congress as an incentive for participating in the RDAP. Plaintiff was declared ineligible for the sentence reduction because of the aforementioned unconstitutional enhancement for possession of a firearm which erroneously appears on page six (6) of his Presentence Report (PSR).

On June 9, 2005 Plaintiff enters the 500 hour RDAP at Coleman. Plaintiff begins the administrative remedy process and files a BP-8 stating the unconstitutionality of being declared ineligible for the sentence reduction. Plaintiff submitted a statement quoted here, "The Supreme Court has ruled in Blakely, Booker,

2

and FanFan that enhancements not proved to a jury beyond a reasonable doubt are unconstitutional. The BOP is fully aware that I was acquitted of the possession of a firearm charge. To continue to use this enhancement is a further violation of my constitutional rights." The BP-8 was denied on June 29, 2005 by Case Manager Chamura. A BP-9 was denied on August 15, 2005 by Assistant Warden Charles Lockett. The BP-10 was denied on September 20, 2005 by Regional Counselor Sero and returned to Plaintiff by Case Manager Smith on October 31, 2005. The BP-10 was given to Plaintiff forty one (41) days after Mr. Sero's response. The BOP policy as stated on the BP-10 is that an inmate has 30 days to have his appeal <u>in the office</u> of the General Counsel from the day of Mr. Sero's response. Therefore, Plaintiff had 30 days from September 20, 2005 in which to have his appeal in the office of the General Counsel. Plaintiff did not receive the BP-10 until October 31, 2005, **11 days after appeal was due in Washington D.C.** effectively foreclosing Plaintiff's Administrative Remedy Process in a blatant attempt to deny Plaintiff access to the courts.

2. The Bureau of Prisons and its agents caused Plaintiff to be irreparable harm by using a prior arrest that he was acquitted of by a jury of his peers, to deny Plaintiff's transfer to a Camp in the Southeast Region (Miami Camp) where he would have received a full twelve (12) month sentence reduction as incentive for his participation in the RDAP. By keeping Plaintiff incarcerated at Coleman where he could only receive a possible three (3) month sentence reduction, a difference of over eight (8) months of imprisonment, for a charge he was acquitted of, Plaintiff was twice put in jeopardy by the defendants.

In Deceember of 2003, Plaintiff's incarceration at Coleman Low was inconsistent with the BOP's 5100.07 Designation and Classification Manual, because Plaintiff scored (0) zero points, Out custody and according to the manual, to be housed at Coleman Low, inmates must score five (5) to nine (9) points, In custody. Plaintiff's Unit Team submitted Plaintiff for a transfer to a Camp in the Southeast Region (Miami Camp) consistent with the 5100.07 Manual.

On January 30, 2004, Regional Designator, Kathy Lane, denied Plaintiff transfer to a Camp in the SE Region, because of a prior arrest, which Plaintiff was acquitted of by a jury of his peers.

On July 26, 2004, Plaintiff had exhausted his Administrative Remedy Process (Case # 325514 R1) on the denial of his transfer to a Camp, informing the BOP and its agents, that he was acquitted of the prior arrest cited by the Designator, Ms. Lane, and that the RDAP at Coleman Low was running three (3) to five (5) months behind schedule, due to overcrowding at Coleman. Plaintiff's BP-12 is denied July 26, 2004 by Mr. Harrell Watts, in the Central Office, Washington D.C. Plaintiff is kept imprisoned at Coleman Low. On June 9, 2005 with the RDAP running more than eight (8) months behind schedule, Plaintiff finally enters the RDAP with nineteen (19) months remaining on his sentence, effectively foreclosing Plaintiff's opportunity to receive the full 12 month sentence reduction. Had the Plaintiff not been denied his transfer to a Camp, for a charge he was acquitted of he would have entered the RDAP with a minimum of twenty seven (27) months remaining on his sentence and received the full 12 month sentence reduction.

4

A difference of over eight (8) additional months of incarceration at COleman.

3.   The Bureau of Prisons and their Agents caused Plaintiff irreparable harm by failing to provide a safe environment in which Plaintiff could participate and complete the 500 Hour RDAP.  On September 27, 2005 at approximately 12:05 p.m. Plaintiff was bludgeon with a wooden broom handle and beaten with closed fist punches, in a racially motivated attack, less than thirty (30)minutes after signing himself out of the RDAP, in fear that just such an attack was imminent.

On Saturday, August 6, 2005 at approximately 12 p.m., Plaintiff was threatened by several Puerto Rican inmate orderlies from the RDAP (C-2) Unit.  Later the same day at approximately 5 p.m., Plaintiff is again confronted by and threatened with violence from these same inmates.  On Monday morning, August 8, 2005 Plaintiff reports these two (2) incidents to his Drug Treatment Specialist (DTS), Ms. Crane.  On August 31, Plaintiff, while attending his RDAP group with Ms. Crane present, Plaintiff is informed of an imminent attack against his person by inmate Saddler, who stated, "somebody is going to sneak up behind you and hit you in the back of the head with a lock in a sock." Ms. Crane, having heard this prediction of an imminent attack repeated these same remarks, stating, "not only is somebody going to sneak up behind you and hit you in the back of the head with a lock in a sock, it will be the smallest guy in the unit."  The next morning Plaintiff reported this incident to Counselor Alicea.  On September 5, Plaintiff is attending his RDAP group with Ms. Crane present, when Inmate Moshu informs

5

Ms. Crane of the threats made against Plaintiff on August 6, 2005 by the aforementioned inmates.

On September 5, Plaintiff returned to his cubicle and found his padlock missing. On September 6, Plaintiff reports the missing padlock to ms. Crane in fear that it will be used as the weapon, predicted by Ms. Crane and inmate Saddler to bludgeon Plaintiff in the back of the head.

On September 27, Plaintiff is threatened, yet again, by the same group of Puerto Rican inmates who were the source of the prior threats. Plaintiff is told by these inmates that he will be attacked that day and that he will be going to the hospital that day. Plaintiff again reports this threat to Ms. Crane and signs himself out of the RDAP for fear of his safety, reprisal from the BOP and racism from Counselor Alicea, who is also of Puerto Rican descent and the supervisor of the inmate orderlies making the threats. Plaintiff is attacked less than 30 minutes later by these same inmates, bludgeoned on the face and head with a wooden broom handle in a back room of Unit C-1 and then punched in the face in front of Counselor Alicea.

At no time during these aforementioned numerous complaints of threats of violence against the Plaintiff was any action taken by the staff members or the BOP to protect the safety of the Plaintiff or to provide Plaintiff with a safe environment in which to particpate and complete the RDAP. Plaintiff exhausted his Administrative Remedy February 16, 2006 (Case # 395166 R2 & R1).

6

4. The Bureau of Prisons and its Agents caused Plaintiff irreparable harm by not providing him with an Equal Opportunity under the law and/or Equal Protection under the law.

Plaintiff was not treated equally or given the same opportunity as other inmates who scored zero (0) points "Out Custody", who were placed in a camp and who received the full twelve months sentence reduction as incentive for their participation in the RDAP. Exhausted Administrative Remedy Case #325514 R1.

Plaintiff was not treated equally or given the same opportunity as other inmates who scored zero points, Out Custody, who were placed in a camp without the threat of imminent harm, that Plaintiff was exposed to on September 27, 2005 at Coleman Low. Exhausted Administrative Remedy Case # 325514 R1.

Plaintiff was not treated equally or given the same opportunity as other inmates who were not repeatedly threatened with violence and who were not bludgeoned with a wooden broom handle or punched in the face. Exhausted Administrative Remedy Case # 395106 R2 & R1.

*signature* 6-6-06
Anthony V. LAterza
#74695-004
FCC Medium
PO Box 1032
Coleman, FL 33521-1032

## CLAIM

1. It is the claim of the Plaintiff that when the BOP and its Agents, Mr. Sero and Mr. Lockett, denied Plaintiff a sentence reduction under 18 U.S.C. § 3621(e)(2)(b) by falsely accusing Plaintiff of possession of the very same firearm that Plaintiff was acquitted of possessing on February 24, 2003, by a jury of his peers, Defendants twice put Plaintiff in Jeopardy for punishment for the same offense in violation of the Fifth and Sixth Amendments of the United States Constitution.

2. It is the claim of the plaintiff that in January 24, 2004, the BOP and it's Agents, Mr. Harrell Watts and Mr. Sero, denied Plaintiffs transfer to a camp in the SE Region, effectively foreclosing Plaintiffs opportunity to enter the RDAP in a timely manner, by using a prior arrest Plaintiff was acquitted of in May 1986, Defendants twice put plaintiff in Jeopardy for punishment for the same offense in violation of the Fifth and Sixth Amendments.

3. It is the claim of the Plaintiff that between August 6, 2005 and September 27, 2005 Plaintiff was repeatedly threatened with violence from other inmates of Puerto Rican descent and on the 27th of September, Plaintiff was beaten and bludgeoned by these same inmates. The BOP and its Agents failed to provide a safe environment, intentionally, for the Plaintiff to participate in and complete the RDAP, in violation of the Eighth and Fourteenth Amendments of the US Constitution.

4. It is the claim of the Plaintiff that the BOP and its Agents, Mr. Harrell Watts and Mr. Sero, failed to provide the Plaintiff, whose custody classification was zero (0) points and Out Custody with an equal opportunity to participate and complete the RDAP as other inmates who scored zero (0) point, OUt Custody and who were housed in a Federal Facility corresponding with a custody classification of zero (0) points, out custody, in accordance with the BOP 5100.07 classification and designation manual, Camp placement.

5. It is the claim of the Plaintiff that the BOP and its Agents failed to provide the Plaintiff with an equal opportunity to participate in and complete the RDAP at COleman Low as other inmates who participated in the RDAP at COleman Low at the same time. Failure to provide Plaintiff with an equal opportunity as other inmates is a violation of the Fourteenth Amendment (Equal Protection under the Law.)

The BOP and its Agents, Mr. Harrell Watts, Mr. Sero and Mr. Lockett, caused and continue to cause the Plaintiff irreparable harm in violation of Plaintiff's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments.

The BOP and its Agents remeoved any and all incentives for Plaintiff to participate in and complete § 3621(e) RDAP. The incentive in the form of a sentence reduction authorized by Congress.

Anthony V. Laterza       6-6-06
#74695-004
FCC Coleman Medium

9

## VENUE

This complaint is filed in the proper venue. See 552a(G-5)

> An action to enforce any liability created under this section may be brought in the District Court of the United States in the District Court in which the Complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, without regard to the amount of controversy.

The Defendants, the Bureau of Prisons and its employees whose headquarters and records are located in Washington, D.C. are in the jurisdiction of this Court. Accordingly, this Court has venue.

## PRISON LITIGATION REFORM ACT

> The PLRA amended 42 U.S.C. § 1997e to provide that: No actions shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in jail, prison or other correctional facility until such administrative remedies are exhausted.

Plaintiff, Anthony V. Laterza exhausted his administrative remedies pertaining to the issues raised in the instant case. Administrative Remedy case # 325514-R1 was exhausted on July 26, 2004. (See attached). Administrative Remedy case # 395166-R1 was exhausted March 30, 2006 (see attached). Administrative Remedy case # 382356-R1 was exhausted September 20, 2005 (See attached). The Bureau of Prisons tolled the time on this remedy (#382356-R1) because they returned Plaintiff's BP-10 to him forty one (41) days from the date Regional counsel denied the appeal which was eleven (11) days after the appeal was due in Washington, D.C., time barring Plaintiff and foreclosing this Administrative Remedy Process.

Accordingly, Plaintiff's claim is timely filed and not barred by the statute of limitations nor the Prison Litigation

Reform Act. The claim must therefore be granted.

## JURISDICTION

The District Court for the District of Columbia has jurisdiction in this case. See 28 U.S.C. § 1331.

> The District Court shall have original jurisdiction of all civil actions arising under the Constitution, Laws or Treaties of the United States.
>
> See 28 U.S.C. § 1332(9)(3)

> The District Court shall have original jurisdiction of all civil actions where...citizens of different states are additional parties;
>
> See 28 U.S.C. § 1346(b)

> District Courts...shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1, 1945...caused by the negligent or wrongful act or omission of any employee of the Government,

Accordingly, this Court has jurisdiction over all parties and all issues in this case.

11

## RELIEF REQUESTED

1. Plaintiff respectfully requests a jury and/or this Honorable Court to award general damages of Three Hundred and thirty seven ($337) dollars a day and/or the current per diem, for everyday Plaintiff has been incarcerated since June 27, 2005, his projected release date had his Constitutional rights not been violated by the Defendants.

2. Plaintiff respectfully requests a jury and/or this Honorable Court to award punitive and/or pensatory damages, for pain and suffering, mental duress, and false imprisonment, from the Bureau of Prisons in the amount of Five Million Dollars ($5,000,000) and One Million ($1,000,000) each, respectively from Defendants Mr. Harrell Watts, Mr. Sero and Mr. Charles Lockett.

3. Plaintiff respectfully requests this Honorable Court to order his immediate release ending the irreparable harm and to terminate the remainder of his sentence including any term of Supervised Release. 4. Plaintiff respectfully requests any and all other relief this Honorable Court deems just and proper.

*Anthony V. Laterza*  6-6-06
Anthony V. Laterza
#74695-004
FCC Medium
PO Box 1032
Coleman, FL 33521-1032