**Administrative Remedy No. 325514-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy in which you request a transfer to a minimum security facility to participate in the Residential Drug Abuse Program (RDAP). Specifically, you claim a transfer request submitted by the institution was inappropriately denied by the South East Regional Office.

Our review reveals that the Warden and Regional Director accurately addressed the issue you raised in your appeal. Decisions regarding transfers are left to the discretion of the Warden and Regional Director per Program Statement 5100.07 *Security Designation And Custody Classification Manual*. The intent of P.S. 5100.07 is to allow staff to use professional judgement in decisions involving custody classification. Staff reviewed your suitability for camp placement and determined that your assessed security needs indicate you are appropriately housed at FCI Coleman (Low). Consequently, a decision was made to apply a Greater Security Management Variable (MV) to your custody classification scoring. The Management Variable of "Greater Security," justifies housing you in an institution not consistent with your security level. We find this decision to be within the Regional Director's discretion and in accordance with policy. Based on the above, we concur with the responses. Accordingly, your appeal is denied.

_____
Date July 26, 2004

_____
Harrell Watts, Administrator
National Inmate Appeals

06 1158
**FILED**
JUN 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Regional Administrative Remedy Appeal No. 382356-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted September 6, 2005. You allege the Bureau of Prisons has taken into account an unconstitutional enhancement to deny you early release. As relief, you seek an explanation why you are not eligible for early release under 18 U.S.C. § 3621(e).

Program Statement 5162.04, Categorization of Offenses, dated October 9, 1997, states, "Inmates convicted of an offense listed in Section 7, (b) may be denied certain Bureau programs, including early release pursuant to 18 U.S.C. § 3621(e)." You were convicted of Manufacturing more than 100 Marijuana Plants in violation of 21 U.S.C. § 841 (A) (1). During your sentencing, the court made a finding on whether or not your offense warranted an enhancement. Review of your Specific Offense Characteristic (SOC) section of your Pre-sentence Investigative Report (PSR), indicated you received a two-point enhancement, based on possession of a dangerous weapon. This satisfies the standard listed in the introductory portion of Section 7, under the "Director's Discretion."

The sentencing court issued you a two-point Specific Offense Characteristic. This enhancement has not been modified or vacated by a court who has jurisdiction over your case. Additionally, we find that the information in your PSR is sufficiently reliable to justify the decision.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days from the date of this response.

_9-20-05_
Date

Regional Director, SERO

Administrative Remedy No. 395106-A2
Part B - Response


You appeal the DHO's decision of October 12, 2005, for Assaulting any Person, Code 224. As relief, you request that the incident report be expunged.

Our review reveals substantial compliance with Program Statement 5270.07, *Inmate Discipline and Special Housing Units*. This P.S. states that the decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. Accordingly, we find that the DHO detailed in Section V of the DHO report the specific evidence relied upon to support a finding that you committed the prohibited act of Assaulting any Person, Code 224, and we agree that it is reasonable to make that finding. You contend you should not have been charged because you were only defending yourself during this altercation. Review of the incident revealed staff observed you as the aggressor during this hostile physical encounter. Therefore, we find that the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the decision, and the sanctions imposed were appropriate for the offense and in compliance with policy. Your appeal is denied.

March 30, 2006
Date

Harrell Watts, Administrator
National Inmate Appeals