UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
FEB 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Anthony V. Laterza,
    Plaintiff
V
Federal Bureau Of Prison *et al*,
    Defendants
_____/

Civil Action #: 06-1158 [RWR]

## PLAINTIFFS RESPONSE TO "DEFENDANTS MOTION TO DIMISS OR TRANSFER"

COMES NOW, Plaintiff, Anthony V. Laterza, and timely files this response to Defendants "Motion to Dismiss or Transfer" and respectfully request this Honorable Court deny defendants motion based on the following memorandum or in the alternative transfer venue to Plaintiff's district of residence West Palm Beach, Florida.

## STANDARD FOR REVIEW

Factual allegations of the complaint must be taken as true and all ambiguities or doubts in the factual allegations must be resolved in favor of the pleader. Caudle v. Thomason, 942 F. Supp 635, 638 [DDC 1996]. A Court must view facts alleged in the complaint in the light most favorable to Plaintiff. Nix v. Hoke, 139 F. Supp. 2d 125, 131 [DDC 2001]. Pro- Se pleadings should be read, "to raise the strongest arguments that they suggest". Graham v. Henderson, 89 F3d 75 [2nd Cir. 1996]. Pro-se pleadings are held to a less stringent standard and therefore be liberally construed Haines v. Kerner, 30 led 652, 92 Sct 594 [1972]

## VENUE

This complaint is filed in the proper venue. See 552a [G-5]   Cited in pertinent part: An action to enforce any liability created under this section may be brought in the District of Columbia, without regard to the amount of controversy. Further defendant has misrepresented to this Court the Plaintiffs place of residence as Coleman, Fl. On December 17th, 2006 Plaintiff served on Defendant his "Notification of Change of Address" placing His residence in West Palm Beach, Fl. The Southern District of Florida. If this Court were to transfer venue, pursuant to the case law and rules of the court it must transfer venue to Plaintiffs district of residence which is the Southern District of Florida and not the Middle District as claimed by the Defendant.

## SUBJECT MATTER JURISDICTION AND IN PERSONAM JURISDICTION

The District Court retains both subject matter jurisdiction and in personam jurisdiction in this case pursuant to 28 USC 1331, 28USC 1332 [9] [3], 28USC 1346[b] The defendants claim of immunity is a false legal theory. Defendant is admitting the violations claimed by Plaintiff and is requesting this Court not allow them to be held responsible for their actions. Further under the Prison Litigation Reform Act the Defendants have agreed to be sued.

## SUFFICENCY OF PROCESS

Plaintiff properly filed this complaint against the defendants in both their official and individual capacities. [see original complaint]. Further Plaintiff filed and was granted in forma pauperis. Under the rules of the Court it is the responsibility of the Clerk to prepare the summons correctly and the duty of the Marshals to serve those summons. If the Court should find an insufficiency of process as claimed by the Defendant the Court must order its Clerk to correct that insufficiency.

## RELIEF MAY BE GRANTED PURSUANT TO PLAINTIFFS CLAIM

Defendants legal position that an error by the clerk of the court in the service of process is a defense available to them is reprehensible as defined in United States v Masters, 118 F3d1524 [11th cir. 1997] at note 4. Furthermore the Plaintiff has clearly stated a claim upon which relief may be granted in his original complaint on pages 8 and 9, which state the violations of his constitutional rights.

## CONCLUSION

Based on the original complaint and the foregoing memorandum the Defendants motion to dismiss or in the alternative, to transfer venue must be denied. If this Court does transfer venue that venue must be Southern District of Florida, West Palm Beach Division. Respectfully submitted on this date.

_____   Feb 19th, 2007
Anthony V. Laterza         Date
4371 Northlake blvd. #126   February 19th, 2007
Palm Beach Gardens, FL.  33410

## CERTIFCATE OF SERVICE

I hereby certfy that a true copy of the foregoing has been served on this date to: The United States Attorney, Quan K. Luong  555 fourth st. N.W., Room E-4417 Washington, D.C. 20530.

_____   Feb 19th, 2007
Anthony V. Laterza         Date
                            February 19th, 2007