UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
ANTHONY V. LATERZA,                      )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        Civil Action No. 06-1158 (RWR)
                                          )
FEDERAL BUREAU OF PRISONS *et al*,        )
                                          )
                                          )
            Defendants.                   )
_____)

MEMORANDUM OPINION AND TRANSFER ORDER

In this action filed *pro se* under *Bivens v. Six Unknown Named Agents of Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff alleges that he was irreparably harmed by the

Bureau of Prisons' ("BOP") denial of a sentence reduction under 18 U.S.C. § 3621(e) based on

a charge of which he was acquitted.  Plaintiff names as defendants BOP, BOP Administrator

for National Inmate Appeals Harrell Watts and Warden Charles Lockett of the Federal

Correctional Institution in Coleman, Florida ("FCI Coleman"), where plaintiff was

incarcerated when he filed this action.[1]  Plaintiff seeks monetary damages exceeding $6 million

and injunctive relief.[2]

_____

[1]  Plaintiff also names "Mr. Sero, Counselor Director."  According to defendants, however, no such person is employed by BOP.  They surmise that "plaintiff is referring to the BOP's Southeast Regional Office, commonly called 'SERO'."  Def.'s Memorandum of Points and Authorities at 3, n.4.

[2]  Plaintiff has since been released from custody and currently resides in Palm Beach Gardens, Florida.  His claim for injunctive relief in the form of releasing him from custody, Compl. at 12, is moot.  Plaintiff's additional claim for injunctive relief, namely, "to terminate the remainder of his sentence including any term of Supervised Release," *id*, must be pursued in the sentencing court by motion under 28 U.S.C. § 2255.

Defendants move pursuant to various subsections of Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the complaint or to transfer venue to the United States District Court for the Middle District of Florida.  Plaintiff does not object to transferring the case but prefers that it be transferred to his "district of residence West Palm Beach, Florida [the Southern District of Florida]."  Pl's Opp. at 1.  Under the venue statute applicable to the complaint as pleaded, however, the case may be heard in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  Plaintiff alleges that because of unconstitutional decisions made by prison officials at FCI Coleman, he suffered a brutal attack by other inmates and received repeated threats of bodily injury while confined there.  *See* Compl. at 4- 9.  The interest of justice compels the Court to transfer this action to the judicial district properly situated to hear plaintiff's *Bivens* claim. Accordingly, it is

ORDERED that defendants' motion to transfer [Dkt. No. 12] is GRANTED; and it is further

ORDERED that pursuant to 28 U.S.C.  § 1406(a), this case is TRANSFERRED to the United States District Court for the Middle District of Florida.

_____/s/_____
RICHARD W. ROBERTS
DATE: April 13, 2007          United States District Judge